# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| APRIL DAWN JONES, EARL R. KEY, ) <br> ) <br> Petitioners, ) <br> ) <br> vs. ) <br> ) <br> LAMAR GRIGGS, ) <br> ) <br> Respondent. ) | 1:11-cv-1034-TWP-DML |

**Entry Discussing Petition for Writ of Habeas Corpus**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994).

For the reasons which follow, this is an appropriate case for such a disposition:

1. This is a next-friend petition for writ of habeas corpus in which Earl Key challenges the guardianship/placement of April Dawn Jones. The habeas petition reveals that Jones is an adult with certain infirmities and that the guardianship was established in the Morgan Superior Court in No. 55D01-0804-GU-29.

2. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). This action, described

above, must be dismissed for lack of subject matter jurisdiction. The reason for this disposition is that the court lacks jurisdiction over domestic relations matters, *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (reaffirming the "domestic relations exception" to exercising diversity jurisdiction and noted that this exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Friedlander v. Friedlander,* 149 F.3d 739, 740 (7th Cir. 1998), and this has been extended to an action challenging the validity and regularity of a state-ordered guardianship decree, because "guardianship of an adult because of mental illness or incapacity is analogous to child custody situations." *Mazur v. Woodson,* 932 F.Supp. 144, 148-49 (E.D.Va.1996); *see also In re Whatley,* 396 F.Supp.2d 50, 58 (D.Mass. 2005).

3. Earl Key's challenge to the guardianship comes squarely within the scope of the rule just cited. His petition for writ of habeas corpus, whether well-intentioned or not, is therefore outside the subject matter jurisdiction of this court.

4. Because subject matter jurisdiction is absent, the only proper course of action is to dismiss the action for that reason. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/05/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**April Dawn Jones**
**c/o Earl Key**
**2712 E. Empire Dr.**
**Altamont, IL 62411**