# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| APRIL DAWN JONES, by herself and by Next Friend, EARL R. KEY, | )<br>)<br>) |
| Petitioners, | )<br>) |
| v. | ) Case No. 1-11-cv-01034-TWP-DML |
| | ) |
| LUMAR GRIGGS, | )<br>) |
| Defendant. | ) |

## ENTRY FOLLOWING LIMITED REMAND

This matter is before the Court on remand from the Seventh Circuit Court of Appeals "for the limited purpose of conducting proceedings to determine whether Ms. Jones is competent to make legal decisions on her own behalf in this matter." The Order of the Court of Appeals further instructs: "If the court concludes that she is not, then it must determine whether a guardian *ad litem* or other representative should be appointed." (Filing No. 23).

After the petition for writ of habeas corpus was denied (Filing No. 9), and after counsel was appointed in the Court of Appeals for both the petitioner and her purported next friend (Filing No. 21, Filing No. 22, Filing No. 24), Ms. Jones' motion for a limited remand on the issue of capacity was granted on October 18, 2013 in No. 12-2094. Upon moving to withdraw their appearance and substitute counsel, all attorneys from the Federal Defenders Office for the Central District of Illinois were terminated (Filing No. 30) and this Court appointed counsel for the petitioner and for her purported next friend, just as the Court of Appeals had done. (Filing No. 32). Having considered the parties' filings and the further record concerning the subjects on which this action was remanded, and being duly advised, the Court finds that habeas petitioner April Dawn

Jones (hereafter, "Ms. Jones") lacks the capacity to make legal decisions on her own behalf and that a guardian *ad litem* or other representative should be appointed.

## FINDINGS OF FACT AND CONCLUSIONS

The conclusions of the district court are based on the following facts and circumstances:

1. Ms. Jones is the subject of a guardianship proceeding in the Morgan Superior Court, located in Morgan County Indiana. Lumar Griggs is the court-appointed guardian of Ms. Jones in Cause No. 55D01-0804-GU-029 in the Morgan Superior Court. Despite the fact that Ms. Jones has a legal guardian, Earl Key (hereafter, "Mr. Key") filed this next-friend habeas petition challenging the guardianship/placement of Ms. Jones.

2. The guardianship referenced above was filed on April 24, 2008, and a permanent guardian over the person and the estate of Ms. Jones was appointed on June 25, 2008. The guardian was dismissed on June 23, 2009, the guardianship was reinstated on January 21. 2011, and at a hearing on March 15, 2011—a hearing at which Ms. Jones and Mr. Key were both present—Lumar Griggs was re-appointed by a judge of the Morgan Superior Court, as Ms. Jones' permanent guardian. Annual reports have been filed with the Morgan Superior Court since that time. Ms. Jones has resided at the Parkview Nursing Center in Muncie, Indiana since January 26, 2011.

3. Mr. Key filed a Petition for Writ of Habeas Corpus for Disabled Person April Dawn Jones, as her next of friend, on August 1, 2011, which this Court dismissed for lack of subject matter jurisdiction in April 2012. Mr. Key filed a timely notice of appeal and as previously stated, the matter was remanded to the district court for the limited purpose of conducting proceedings to determine whether Ms. Jones is competent to make legal decisions on her own behalf.

4. On February 20, 2014, this Court granted Ms. Jones' Motion for Appointment of Doctor for Purpose of Determination of Competency (Filing No. 52). Thereafter Dr. George

Parker of Indiana University Department of Psychiatry performed an examination and evaluation of Mr. Jones and submitted a written evaluation (Filing No. 60). Hearings on the issue of competency were held on June 23, 2014 and July 14, 2014. Because Ms. Jones was physically unable to attend court proceedings, the Court also conducted an in camera proceeding at Parkview Nursing Center in Muncie, Indiana. Respondent Lumar Griggs filed under seal a manual copy of the Morgan County state court record (Filing No. 97), and Mr. Keys filed under seal the Illinois state court records pertaining to guardianship proceedings regarding Ms. Jones (Filing No. 119). Mr. Keys also submitted for the Court's review Affidavits Regarding Limited Remand (Filing No. 121). The Court has considered all matters in the record, including the arguments of counsel and all filings.

    5.    The overwhelmingly credible evidence supports the following findings:

    a.    Ms. Jones is a 38 year old female who has been diagnosed with Huntington's disease. This diagnosis dates back to at least April 2008. Huntington's disease is an inherited brain disorder and is considered a major neurocognitive disorder. It is a progressive neurodegenerative disorder, meaning that it causes the breakdown of nerve cells in the brain.

    b.    Ms. Jones exhibits typical manifestations of Huntington's disease, including repetitive involuntary movements of her head, back, and limbs, a significant speech impediment, progressive cognitive decline, complete incontinence, dementia, the inability to make and carry out daily plans without assistance from staff, difficulties with learning and memory, and difficulties with similar functions such as organizational abilities.

    c.    Ms. Jones has a limited and mistaken insight as to the nature and extent of the daily care she requires. Other than acknowledging that her memory is not very good, she has no discernible insight into her lack of orientation as to place and time or to her neurological condition. This leaves her unable to appropriately assess the risks and benefits of decisions affecting her care, affecting the state court guardianship, and affecting the issues seemingly presented by Mr. Key's habeas filing.

    d.    There is no prospect that Ms. Jones' condition or abilities to manage her affairs will improve.

6. To review, April Dawn Jones lacks the capacity to make legal decisions on her own behalf. A guardian *ad litem* or other representative should be appointed. Lumar Griggs is willing to serve in that capacity. No other viable candidate has been identified. Mr. Key's opposition to these conclusions is unsupported by either the greater weight of the credible evidence or sound objections to any of the proceedings which have been conducted based on the limited remand. Any request for reconsideration which may be thought to be pending is **DENIED**.

7. Upon docketing, this Entry shall be transmitted as a supplemental record on appeal in No. 12-2094.

8. The Court compliments all counsel for the representation of their clients in this unusual and challenging case. Counsel appointed in this Court pursuant to the Criminal Justice Act shall seek direction from the Court of Appeals as to whether their representation is to continue.

9. No party need file a supplemental designation of the record on appeal. Instead, the supplemental record on appeal shall consist of all filings, orders and docketed items since the limited order of remand was issued on October 18, 2013.

**SO ORDERED.**

Date: 12/8/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stephen A. Oliver
BOREN OLIVER & COFFEY
steveoliver@boclawyers.com

Kristopher A. Fuller
BOREN OLIVER & COFFEY
krisfuller@boclawyers.com

Monica Foster
FEDERAL PUBLIC DEFENDERS OFFICE
monica_foster@fd.org

Richard Mark Inman
Attorney at Law
markinman13@aol.com